BRENDAN DOLAN, SBN 126732
SHANNON B. NAKABAYASHI, SBN 215469
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:  415.442.1000
Fax:  415.442.1001
Email:  bdolan@morganlewis.com;

Attorneys for Defendants
ORACLE CORPORATION AND JUANA M. SCHURMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIEGO MORCOTE,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>ORACLE CORPORATION, a Delaware Corporation doing business as Oracle Software Corporation; and JUANA M. SCHURMAN, an individual, Vice President of Oracle Corporation, and Associate General of Oracle Corporation,<br><br>　　　　　　Defendants. | Case No. C05-00386 JCS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[FRCP 12(b)(6)]**<br><br>Date:　　　September 23, 2005<br>Time:　　　9:30 a.m.<br>Courtroom:　A, 15th Floor<br>Judge:　　　Hon. Joseph C. Spero |

TO PLAINTIFF AND TO HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on September 23, 2005, at 9:30 a.m. or as soon thereafter as counsel may be heard, in Courtroom A, 15th Floor, of the above-entitled Court, located at 450 Golden Gate, San Francisco, California, Defendants Oracle Corporation and Juana M. Schurman ("Defendants") will and hereby do move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing all claims against Defendant Juana Schurman with prejudice and an order dismissing Plaintiff's first and seventh claims for relief with prejudice and in their entirety on the grounds that:

(1) Defendant Juana Schurman should be entirely dismissed from this action because Plaintiff fails to state a claim against her.   At all times relevant to this action, Schurman was

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

1  acting as an employee and agent of Oracle and is not alleged to have had any contact with

2  Plaintiff other than writing him one letter reminding him of his legal obligations.  Schurman

3  cannot be held liable for unlawful restraint of trade, tortious interference, negligent or intentional

4  infliction of emotional distress, constructive discharge or discrimination.

5       (2) Plaintiff's seventh claim for relief for violation of Business and Professions Code §

6  16600 fails to state a claim because (a) Plaintiff's claims are moot.  The terms of Plaintiff's

7  noncompetition agreement expired prior to Plaintiff filing this lawsuit and there is no actual

8  controversy as to the agreement's validity; (b) even if Plaintiff's claims were not moot, his

9  Proprietary Information Agreement ("PIA") must be interpreted under Florida law and under

10  Florida law, Plaintiff's PIA is valid.

11       (3) Plaintiff's first claim for relief for unfair competition pursuant to Business and

12  Professions Code § 17200 fails to state a claim because: (a) the claim upon which Plaintiff's §

13  17200 claim is predicated, his seventh claim for relief for violation of Business and Professions

14  Code § 16600, fails to state a claim; and (b) Plaintiff fails to allege an actual injury as a result of

15  Defendants' actions;

16       The motion will be based on this Notice of Motion and Motion, the Memorandum of

17  Points and Authorities, all of which are filed concurrently herewith, the Proposed Order, and all

18  pleadings and papers on file, together with said argument and evidence as permitted at the

19  hearing.

20

21  Dated: July 8, 2005                MORGAN, LEWIS & BOCKIUS LLP
                                BRENDAN DOLAN

22                                  SHANNON NAKABAYASHI

23

24  By _____
                                Shannon B. Nakabayashi

25                                  Attorneys for Defendants
                                ORACLE CORPORATION AND JUANA

26                                  M. SCHURMAN

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4                2               DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     RELEVANT FACTS AND PROCEDURAL HISTORY ..................................... 1

  A.    The Parties............................................................................................................ 1

  B.    Morcote's Employment with Oracle.................................................................... 1

  C.    Morcote Goes to Another Company and Continues to Perform Work for CPS; Oracle
        Reminds Him of His PIA. .................................................................................... 3

  D.    Morcote Files this Complaint................................................................................ 3

III.    ARGUMENT .................................................................................................... 4

  A.    Legal Standard for a Motion to Dismiss. ............................................................ 4

  B.    Defendant Juana Schurman Should Be Dismissed From This Action Entirely because as
        an Employee and Agent of Oracle, She is Not a Proper Defendant. ........................... 5

    1.  Schurman Cannot Be Held Liable for Morcote's Noncompete Claims Because She
        Took No Unlawful Action against Morcote............................................................. 6

    2.  As an Employee, Schurman Cannot Be Held Liable for Tortious Interference.............. 6

    3.  Schurman's Alleged Conduct Cannot Be the Basis for a Claim of Negligent or
        Intentional Infliction of Emotional Distress.......................................................... 7

    4.  Schurman Cannot Be Held Liable for Discrimination Because Neither Federal Nor
        Relevant State Law Allows for Individual Liability. .............................................. 8

  C.    Morcote's Seventh Claim for Declaratory Relief Fails to State a Claim Because it is Moot.
        9

  D.    Morcote's Seventh Claim for Declaratory Relief Fails to State a Claim Because, Under
        Florida Law, the PIA is a Valid and Enforceable Contract...................................... 11

    1.  This Court Should Apply Florida Law. .................................................................. 11

    2.  Applying Florida Law, the PIA is valid. ................................................................ 13

  E.    Morcote First Claim for Relief Under § 17200 Fails to State a Claim. .......................... 14

    1.  Morcote's § 17200 Claim Fails because the § 16600 Claim, on Which it is Based, Fails.

14

2.      Morcote Has Not Suffered an "Injury in Fact." ................................................. 14

IV.     CONCLUSION ............................................................................................................. 15

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4

ii

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

# TABLE OF AUTHORITIES

**Page**

**Cases**

*389 Orange Street Partners v.* Arnold
  179 F.3d 656 , 661 (9th Cir. 1999) ........................................................................ 5

*Advanced Bionics Corp. v. Medtronic, Inc.*
  29 Cal.4th 697, 707 (2002) ................................................................................... 13

*Alcorn v. Anbro Eng., Inc.,*
  2 Cal.3d 493, 499 (1970) ........................................................................................ 7

*Amell v. Kucewicz,*
  53 F. Supp.2d 145, 146-47 (D. Ma 1999) ............................................................. 5

*Application Group, Inc.  v. Hunter Group, Inc.,*
  61 Cal.App.4th 881, 894 (1998) ..................................................................... 10, 12

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,*
  7 Cal. 4th 503, 513-514 (1994) .............................................................................. 6

*Auto Club Affiliates, Inc. v. Donahey,*
  281 So.2d 239, 243 (Fla. 2d Dist. Ct. App. 1973) ............................................... 12

*Blank v. Kirwan*
  39 Cal. 3d 311, 329 (1985) ..................................................................................... 6

*County of Stanislaus v. Pacific Gas & Electric,*
  114 F. 3d 858, 860 (9th Cir. 1997) ....................................................................... 10

*DeHorney v. Bank of America Nat'l Trust & Sav. Ass'n,*
  879 F.2d 459, 468 (9th Cir.1989) ........................................................................... 8

*Erie Railroad Co. v. Tompkins,*
  304 U.S. 64, 78 (1938) ............................................................................................ 5

*Greenlaw v. Garrett,*
  59 F.3d 994, 1001 (9th Cir.1995) ........................................................................... 8

*Huck v. Mega Nursing Services, Inc*
  989 F.Supp. 1462 (S.D.Fla.1997) ...................................................................... 3, 8

*Int'l Longshoreman's and Warehouseman's Union Local 21 v. Reynolds Metals Comp.,*
  487 F.2d 696, 697 (9th Cir. 1973) ........................................................................ 10

*Janken v. GM Hughes Electronics*
  46 Cal.App.4th 55 (1996) ........................................................................................ 5

*Kacludis v. GTE Sprint Comm. Corp.,*
  806 F.Supp. 866, 872 (N.D.Cal.1992) .................................................................... 7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES
### (continued)

Page

*KGB, Inc. v. Giannoulas,*
104 Cal.App.3d 844, 848 (1980)........................................................................................... 11

*Khoury v. Maly's of Calif., Inc.,*
14 Cal.App.4th 612, 619 (1993) ........................................................................................... 14

*Klaxon Co. v. Stentor Elec. Mfg. Co,*
313 U.S. 487, 61 S.Ct. 1020 (1941) ...................................................................................... 5

*Krantz v. BT Visual Images,*
89 Cal.App.4th 164, 178 (2001) ........................................................................................... 14

*Local No. 8--6, Oil Chemical and Atomic Workers Intern. Union v. Missouri,*
361 U.S. 363, 367, 80 S.Ct. 391, 394 (1960) ........................................................................ 9

*Loral Corp. v. Moyes,*
174 Cal.App.3d 268, 276 (1985) .......................................................................................... 12

*McCarthy v. Mayo,*
827 F.2d 1310, 1317 (9th Cir. 1987)...................................................................................... 4

*McGlinchy v. Shell Chem. Co.,*
845 F.2d 802, 810 (9th Cir. 1988)......................................................................................... 4

*Miller v. Maxwell's Int'l Inc.,*
991 F.2d 583, 587-88 (9th Cir.1993) ..................................................................................... 8

*Mills v. Green,*
159 U.S. 651, 653, 16 S.Ct. 132 (1895) ............................................................................... 9

*Nedlloyd Lines B.V. v. Superior Court,*
3 Cal.4th 459, 464-466 (1992) ............................................................................................. 11

*Open Magnetic Imaging, Inc. v. Nieves-Garcia,*
826 So.2d415, 418 (Fla. 3d Dist. Ct. App. 2002). ............................................................... 12

*Robertson v. Dean Witter Reynolds,*
749 F.2d 530, 534 (9th Cir. 1984)......................................................................................... 4

*Ross v. Creel Painting & Publishing Co.*
100 Cal. App. 4th 736 (2002) ............................................................................................... 8

*S.A. Empresa Di Viacao Aerea Rio Grandense v. Boeing Company,*
641 F.2d 746, 749 (9th Cir. 1981).......................................................................................... 11

*Sheppard v. Freeman*
67 Cal.App.4th 339, 347 (1998) ........................................................................................... 5

*Shoemaker v. Myers*
52 Cal.3d 1, 24 (1990) .......................................................................................................... 5

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

ii

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Townsend v. Columbia Operations*,
   667 F.2d 844, 848-49 (9th Cir. 1982) ............................................................. 4

*Van Ness v. Blue Cross*,
   87 Cal.App.4th 364, 376-377 (2001); ........................................................... 14

**State Statutes**

Cal. Bus. & Prof. Code § 16600 ................................................................ *passim*

Cal. Bus. & Prof. Code § 17200 ................................................................ *passim*

Cal. Bus. & Prof. Code § 17204 ........................................................................ 16

Florida Statutes Annotated § 542.335(1) ................................................... 14, 15

**Federal Statutes**

42 U.S.C. § 1981 ................................................................................................. 6

Federal Rules of Civil Procedure, Rule 12 ........................................................ 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Defendants Oracle Corporation ("Oracle" or "the Company") and Juana M. Schurman ("Schurman") (collectively "Defendants") respectfully request that the Court dismiss the first and seventh claims in Plaintiff Diego Morcote's ("Plaintiff" or "Morcote") First Amended Complaint ("FAC") and dismiss Defendant Schurman from this case entirely.  Morcote's FAC alleges that Oracle and its Vice President and Assistant General Counsel, Juana Schurman, acted improperly in trying to enforce Morcote's Proprietary Information Agreement ("PIA"), which Morcote alleges violates Business and Professions Code § 16600.  Morcote also alleges that both Defendants are liable for various tort and statutory claims, including tortious interference, intentional and negligent infliction of emotional distress and discrimination.  As an individual employee, Schurman cannot be held liable for any of these claims as a matter of law.  Further, Morcote's first and seventh claims, which seek relief relating to his PIA, must be dismissed because they are moot and Morcote fails to allege he suffered any actual injury.

## II.   RELEVANT FACTS AND PROCEDURAL HISTORY

### A.   The Parties.

Defendant Oracle Corporation is a Delaware corporation, the principal place of business of which is Redwood Shores, California.  (FAC ¶ 9.)  Oracle is the world's largest enterprise software company and employs thousands of employees in offices throughout the world.  Defendant Juana M. Schurman is a Vice President and Associate General Counsel of Oracle.  (FAC ¶ 10.)

Plaintiff Diego Morcote is a Florida resident. (FAC ¶ 8.)  From approximately 1997 to 2004, Morcote was employed by Oracle as a Technical Manager in the Company's Miami, Florida offices.  (FAC ¶¶ 8, 11.)

### B.   Morcote's Employment with Oracle.

As a condition of his employment with Oracle, Morcote signed a Proprietary Information Agreement.  (FAC, Exh. B.)  Pursuant to the agreement, Morcote warranted, among other things, that he would "hold [Oracle's] Proprietary Information in confidence."  (FAC, Exh. B , ¶ 1.)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4                    1                    DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

Morcote agreed as follows:

> I acknowledge that as a result of my Oracle employment, I may develop, receive or otherwise have access to confidential or proprietary information which is of value to Oracle. I therefore agree, as a condition of employment, to abide by the following terms and conditions:

> 1. My employment creates a relationship of confidence and trust between me and Oracle with respect to certain information of a confidential, proprietary or trade secret nature …. Proprietary Information including without limitation: (a) all software ….; (b) marketing and sales plans….; (c) contracts … consulting proposals, bids … pricing; (d) all information which relates to Oracle Developments …; and (e) all information which Oracle has a legal obligation to treat as confidential….

> I will not by any means transfer, publish, disclose or report Proprietary Information directly or indirectly …. I will not use Proprietary information except in the course of performing any duties for Oracle.

> ****

> 5. I will not during my Oracle employment and for a period of **six months** after the termination of my Oracle employment, directly or indirectly, whether through a third party or otherwise, invite or otherwise encourage any Oracle employee to accept an employment or independent contractor or other business relationship with an employment or entity or person other than Oracle.

> ****

> 8. I will not, for a period of **six months** after the termination of my Oracle employment, for my own account, or for the account of any other person or entity, solicit, call on or provide competing services for any of Oracle's customers or clients or prospective customers or clients if I have solicited, called on or performed services for that Oracle customer or client or prospective customer or client during the twelve months preceding my termination from Oracle.

> ****

> 10. I agree that any legal action or proceeding involving Oracle which is in any way connected with this agreement may be instituted in any state or federal court located in San Francisco or San Mateo County, California. I also agree to submit to the jurisdiction of, and agree that venue is proper in, the aforesaid courts in any such legal action or proceeding.

(FAC, Exh. B , ¶ 1, 5, 6, 8, 10) (emphasis added),

In or around January 2003, Morcote began doing work for Oracle client Cincinnati Public Schools ("CPS"). (FAC ¶ 12.) From May 2003 to the end of his employment, Morcote was

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4                                    2

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

supervised by the CPS Account Manager, Frank Carchedi.  (FAC ¶¶ 12-13.)  Morcote alleges that between November 2003 and April 2004, Carchedi engaged in inappropriate conduct towards him, including making "negative statements" about Morcote's performance.  (FAC ¶¶13-19.)  On May 6, 2004, Morcote quit his job with Oracle.  (FAC ¶ 20.)

### C. Morcote Goes to Another Company and Continues to Perform Work for CPS; Oracle Reminds Him of His PIA.

After leaving Oracle, Morcote continued to "provide services to CPS" as a consultant for another employer in Florida.  (FAC ¶ 20.) On May 18, 2004, Schurman sent a letter to Morcote reminding him of his obligations under the PIA.  (FAC ¶ 24, Exh. D.)  The letter stated:

> I am writing … to remind you of your continuing obligations to Oracle, which are set forth in the Proprietary Information Agreement you signed as a condition of joining the company.…
>
> As a Technical Manager, you had access to confidential and proprietary Oracle information and trade secrets …Under the terms of your Proprietary Information Agreement, as well as under common law and by statute, you were and remain obliged to maintain the confidentiality of Oracle's proprietary information.
>
> It has come to our attention that you will be providing consulting services to Cincinnati Public Schools on behalf of your new employer.  This causes us concern because you also provided consulting services to Cincinnati Public Schools while you were employed by Oracle.  You are contractually obligated not to engage in such employment.  Oracle expects that you will abide by your contractual obligations and refrain from any further improper conduct in relation to Oracle clients.
>
> Violation of your agreement with Oracle may give rise to legal claims being made against you ….
>
> Thank you for your anticipated cooperation.

(FAC ¶ 24, Exh. D.)  This is the only contact Morcote alleges he had with Schurman. (FAC ¶ 24, Exh. D.)

### D. Morcote Files this Complaint.

On January 26, 2005, Morcote instituted this action against Oracle and Schurman. Morcote filed his claim in the United States District Court for the Northern District of California based on diversity and federal question jurisdiction. (FAC ¶¶ 1-2.)  Morcote alleged venue is proper under the venue provisions of Title VII as well as the forum-selection clause in the PIA.

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7249646.4

3

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

1    (FAC ¶¶ 1-3, Exh. B, ¶10.)

2         On April 20, 2005, Morcote filed his First Amended Complaint.   The FAC contained 13

3    claims for relief, all of which are alleged against both Oracle and Schurman: (1) unfair

4    competition, Business and Professions Code § 17200, *et seq*., alleging Defendants committed

5    "unlawful, unfair or fraudulent business actions … by trying to enforce provisions of the [PIA] in

6    violation of California Business and Professions Code § 16600" (Complaint ¶ 31); (2) intentional

7    interference with prospective economic advantage; (3) negligent interference with prospective

8    economic advantage; (4) intentional interference with contractual relations; (5) intentional

9    infliction of emotional distress; (6) negligent infliction of emotional distress; (7) declaratory relief

10   requesting that the Court determine (a) that the PIA is governed by California law; and (b) that

11   paragraphs 5 and 8 violate § 16600; (8) constructive discharge in violation of public policy under

12   California law; (9) constructive discharge in violation of public policy under Florida law;   (10)

13   constructive discharge in violation of federal law; (11) discrimination in violation of 42 U.S.C. §

14   1981 (Civil Rights Act of 1866); (12) discrimination in employment in violation of Title VII; and

15   (13) discrimination in employment in violation of the Florida Civil Rights Act.

16   **III.    ARGUMENT**

17        **A.    Legal Standard for a Motion to Dismiss.**

18        Federal Rule of Civil Procedure 12(b)(6) provides that a claim for relief may be dismissed

19   for "failure to state a claim upon which relief can be granted."   Two rationales support dismissal

20   of a complaint under Rule 12(b)(6): (1) the failure to present a cognizable legal theory or (2) the

21   failure to plead sufficient facts to support a cognizable legal theory.   *Robertson v. Dean Witter*

22   *Reynolds*, 749 F.2d 530, 534 (9th Cir. 1984).  Conclusory allegations are insufficient to overcome

23   a motion to dismiss.  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988);

24   *McCarthy v. Mayo*, 827 F.2d 1310, 1317 (9th Cir. 1987).  Because Morcote's first amended

25   Complaint attaches his Proprietary Information Agreement, (FAC, Exh. B) and May 18, 2004

26   letter from Juana M. Schurman to Diego Morcote, (FAC, Exh. D), the Court may consider those

27   documents when ruling on this Motion.  *Townsend v. Columbia Operations*, 667 F.2d 844, 848-

28   49 (9th Cir. 1982).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4                    4              DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

1  In ruling on any motion, a federal court applies the same 'substantive' law as a forum state

2  court would apply. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Procedural issues are

3  governed by federal law.  *Id.*  Morcote has brought claims against Defendants under Federal,

4  California and Florida law. The parties have agreed through the "forum selection" clause in

5  Morcote's Proprietary Information Agreement that Morcote's claims must be brought in San

6  Francisco or San Mateo County, California.  (FAC ¶6, Exh. B.)  However, while the PIA contains

7  a forum selection clause, it does <u>not</u> contain a "choice of law" provision.  For purposes of the *Erie*

8  doctrine, "choice of law" issues are "substantive" and federal courts in diversity cases will apply

9  the same of choice of law rules local state courts would apply.  *Klaxon Co. v. Stentor Elec. Mfg.*

10  *Co,.* 313 U.S. 487, 61 S.Ct. 1020 (1941); *389 Orange Street Partners v. Arnold* 179 F.3d 656,

11  661 (9th Cir. 1999) (holding that Oregon court must apply Connecticut law where the plaintiff

12  sued in Oregon federal court for conduct that occurred in Connecticut); *Amell v. Kucewicz*, 53 F.

13  Supp.2d 145, 146-47 (D. Ma 1999) (holding Massachusetts court must apply Vermont law where

14  the plaintiff sued in Massachusetts over real estate located in Vermont).

### B.  Defendant Juana Schurman Should Be Dismissed From This Action Entirely because as an Employee and Agent of Oracle, She is Not a Proper Defendant.

17  "[I]t is well established that corporate agents and employees acting for and on behalf of a

18  corporation cannot be held liable…" for most tort claims. *Shoemaker v. Myers* (1990) 52 Cal.3d

19  1, 24; *see also Janken v. GM Hughes Electronics* 46 Cal.App.4th 55 (1996) (holding only an

20  employer and not individual supervisors or employees, may be held liable for employment-related

21  claims.)  It is well settled in California that "[e]xcept where authorized by statute, one employee

22  cannot sue another for *adverse actions by the employer.*"  *Sheppard v. Freeman* (1998) 67

23  Cal.App.4th 339, 347.  Personnel decisions "are made for the benefit of the employer and

24  therefore the employer alone must bear the risks and responsibilities attendant to such actions."

25  *Sheppard, supra,* 67 Cal.App. 4th at 349.  Individual employees are insulated from personal

26  liability in such cases even if they acted with unlawful or discriminatory motives. *Id.*   Under

27  California law, in accordance with *Shoemaker, Janken* and *Sheppard*, each of Morcote's thirteen

28  claims against Schurman must be dismissed.  This principle is further reinforced by the specific

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4                                       5                    DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

authorities applicable to each of Morcote's individual claims for relief.

### 1. Schurman Cannot Be Held Liable for Morcote's Noncompete Claims Because She Took No Unlawful Action against Morcote.

Morcote's first and seventh claims for relief allege that Defendants, including Schurman, committed unfair competition by trying to enforce Morcote's PIA. Schurman cannot be held liable for trying to enforce a noncompetition agreement, because at no time did Oracle or Schurman ever actually try to enforce the PIA. *See* Section III.E.2 *infra.* Schurman merely sent Morcote a letter to "remind him" of his obligations and the potential risk of legal action. (FAC ¶ 24, Exh. D.)   Morcote has not alleged that Oracle or Schurman actually took action to enforce the PIA, sought to restrain his activities or his employment.   In absence of any such illegal action, Morcote's unfair competition must fail. *Blank v. Kirwan* (1985) 39 Cal. 3d 311, 329 (holding that compliance with the law is a complete defense to unfair competition claims). Further, the PIA was exclusively a contract between Morcote and Oracle regarding their respective rights and obligations. In sending Morcote a letter, Schurman was acting in her capacity as an agent for Oracle and thus cannot be held liable for any breach.   On this basis, Schurman should be dismissed with prejudice from Morcote's seventh claim for relief for violation of Business and Professions Code § 16600, and his first claim for relief violation of Business and Professions Code § 17200. *See* Section III. E.1, *infra.*

### 2. As an Employee, Schurman Cannot Be Held Liable for Tortious Interference.

Morcote's second and third claims for relief are for common law intentional and negligent tortious inference and his fourth claim for relief is for intentional interference with contractual relations. (FAC ¶¶ 34-51.) The California Supreme Court has held that where employees are acting as agents of the employer they may not held liable for tortious interference. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal. 4th 503, 513-514 (1994) (applying the rule in the context of conspiracy to commit tortious interference). In *Shoemaker, supra,* 52 Cal.3d 1, 24 (1990), the California Supreme Court sustained a demurrer to a plaintiff's claim for relief against his individual supervisors for tortious interference. The Court stated in dicta that "it is well established that corporate agents and employees acting for and on behalf of a corporation cannot

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4                                   6

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

be held liable … For purposes of [a tortious interference] cause of action, then, these defendants stand in the place of the employer, because the employer-the other party to the supposed contract-cannot act except through such agents." *Id.*  This is in accord with the long-standing doctrine of "managerial privilege" which holds that managers or supervisors cannot be subject to tort liability for conduct relating to employment decisions. *Kacludis v. GTE Sprint Comm. Corp.,* 806 F.Supp. 866, 872 (N.D.Cal.1992) (holding that absent evidence that an individual was acting entirely for their own benefit, manager's have the right to "manage" personnel, without fear of independent liability).  It is the employee's burden to plead or prove facts to defeat that privilege.  *Id.*

Schurman, as an individual employee, Vice President and Assistant General Counsel, cannot be held liable for sending Morcote a letter reminding him of his obligations.  At all times, Schurman was acting on Oracle's behalf and was immune for liability under long-standing California precedent.  Thus, Morcote's second, third and fourth causes of action against Schurman should be dismissed with prejudice.

3.    **Schurman's Alleged Conduct Cannot Be the Basis for a Claim of Negligent or Intentional Infliction of Emotional Distress.**

Morcote's fourth and fifth claims for relief allege that both Oracle and Schurman negligently and intentionally caused Morcote to suffer emotional distress.  To recover for intentional infliction of emotional distress, the employer's actions must be shown to be "so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Alcorn v. Anbro Eng., Inc.,* 2 Cal.3d 493, 499 (1970) (holding "vituperative language or vindictive conduct" must be shown).  *A simple pleading of personnel management activity* is insufficient to support a claim for intentional infliction of emotional distress, even if improper motivation is alleged: "Managing personnel is not outrageous conduct beyond the bounds of human decency but rather conduct essential to the welfare and prosperity of society." *Janken, supra,* 46 Cal.App.4th at 80.  Further, as with other tort causes of action, managers acting within the scope of their authority are protected by the manager's privilege.  *See Kacludis, supra,* 806 F. Supp. at 972 (holding manager could not be held liable for emotional distress).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4                                    7

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

Again, Schurman's conduct in this action is clearly of the type intended to be protected by the managerial privilege.  Further, sending a letter reminding someone of their contractual obligations is not, as a matter of law, extreme and outrageous conduct which would rise to the level of emotional distress.  *See Ross v. Creel Painting & Publishing Co.,* 100 Cal. App. 4th 736, 741 (2002) (holding that sending a letter reminding the plaintiff of financial obligations could not constitute emotional distress).  Morcote's negligent and intentional infliction of emotion distress claims against Schurman should therefore be dismissed.

4.     **Schurman Cannot Be Held Liable for Discrimination Because Neither Federal Nor Relevant State Law Allows for Individual Liability.**

Morcote's remaining claims for relief allege that he was wrongfully terminated and discriminated against under federal, California and Florida law because of his race.[1]  As with Morcote's other claims for relief, California law holds that Schurman cannot be held personally liable.  *Sheppard, supra,* 67 Cal.App.4th at 347.   Similarly, neither Florida nor federal law allows for individual liability for discrimination-based claims.  *Greenlaw v. Garrett,* 59 F.3d 994, 1001 (9th Cir.1995); *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587-88 (9th Cir.1993) (under Title VII, there is no personal liability for employees, including officers, managers and supervisors ); *DeHorney v. Bank of America Nat'l Trust & Sav. Ass'n,* 879 F.2d 459, 468 (9th Cir.1989) (declining to extend personal liability pursuant to 42 U.S.C. § 1981 where employee had no proof of intentional discrimination); *Huck v. Mega Nursing Services, Inc*. 989 F.Supp. 1462 (S.D.Fla.1997)  (granting employer's motion to dismiss Florida civil rights claim and holding "the definition of "employer" in Title VII is identical to the definition of "employer" in the Florida Civil Rights Act. As a result, the Court [will follow] the logic of the Title VII cases and held that individual suits are <u>not</u> permitted under the Florida Civil Rights Act.")

As a matter of law therefore, Schurman cannot be held liable for wrongful termination or discrimination under any of Morcote's various and repetitive claims.  Morcote's only contact with Schurman was the letter she sent in May 2004, regarding his PIA.  He alleges absolutely no

---

[1] Although Plaintiff's FAC alleges "race discrimination" (FAC ¶ 93)  Plaintiff fails to identify any particular race or protected category applicable to him.  Thus he arguably fails to comply with first requirement for stating a prima facie case under Title VII or § 1981 as set forth in  *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4                            8

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

1    evidence to connect her with any alleged discriminatory or harassing act.  Schurman should

2    therefore be dismissed as an individual Defendant.

3        **C.    Morcote's Seventh Claim for Declaratory Relief Fails to State a Claim**
             **Because it is Moot.**

4

5        Morcote's seventh claim for "Declaratory Relief" asks the Court to rule that his PIA is

6    governed by California law and the PIA is an unenforceable under California Business and

     Professions Code § 16600.  (FAC ¶ 65.)

7

8        The relevant provisions of Morcote's PIA provide:

9            5.  I will not during my Oracle employment and for a period of **six**
             **months** after the termination of my Oracle employment, directly or
10           indirectly, whether through a third party or otherwise, invite or
             otherwise encourage any Oracle employee to accept an employment
11           or independent contractor or other business relationship with an
             employment or entity or person other than Oracle.

12           ****

13           8.  I will not, for a period of **six months** after the termination of my
             Oracle employment, for my own account, or for the account of any
14           other person or entity, solicit, call on or provide competing services
             for any of Oracle's customers or clients or prospective customers or
15           clients if I have solicited, called on or performed services for that
             Oracle customer or client or prospective customer or client during
16           the twelve months preceding my termination from Oracle.

17   (FAC, Exh. B) (emphasis added).

18       A federal court has no authority to give opinions upon moot questions. "The duty of this

19   Court 'is to decide actual controversies by a judgment which can be carried into effect, and not to

20   give opinions upon moot questions or abstract propositions, or to declare principles or rules of

21   law which cannot affect the matter in issue in the case before it.'" *Local No. 8--6, Oil Chemical*

22   *and Atomic Workers Intern. Union v. Missouri*, 361 U.S. 363, 367, 80 S.Ct. 391, 394 (1960)

23   (citing *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132 (1895)).  "To express an opinion upon the

24   merits … would be to ignore this basic limitation upon the duty and function of the Court, and to

25   disregard principles of judicial administration long established and repeatedly followed." *Local*

26   *No. 8-6, supra,* 361 U.S. at 367, 80 S.Ct at 394.

27       Thus, where contracts have expired by their own terms, the Ninth Circuit has held it has

28   no authority to grant declaratory or other relief. *See Int'l Longshoreman's and Warehouseman's*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4                    9         DEFENDANTS' NOTICE OF MOTION AND MOTION
                                            TO DISMISS; MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT THEREOF
                                            (C05-00386 JCS)

1   *Union Local 21 v. Reynolds Metals Comp.,* 487 F.2d 696, 697 (9th Cir. 1973) (holding that where

2   an alleged contract between union and company, which the union sought to enforce, had expired,

3   the case was moot); *County of Stanislaus v. Pacific Gas & Electric,* 114 F. 3d 858, 860 (9th Cir.

4   1997) (noting claims for relief for breach of contract became moot when the contract expired).

5         Consistent with these federal principles, in *Application Group, Inc.  v. Hunter Group, Inc.,*

6   61 Cal.App.4th 881, 894 (1998, a California appellate Court declined to consider an individual

7   employee's claims for relief from a noncompetition agreement, reasoning that the agreement had

8   expired and her claims were moot.  *Id.* at 893-894.  The employee left her employer, the

9   defendant, in May 1994 subject to a noncompetition agreement that restricted her ability to work

10  for a competitor for one year after her termination.   By the time the trial court rendered its

11  decision in June 1995, the employee's noncompetition agreement had expired.  The appellate

12  court held that "there is nothing to indicate that [the employee] face[d] any further liability under

13  her noncompetition pledge." *Id* at 894.  Morcote's "claims for declaratory relief … for alleged

14  violations of section 16660 <u>and</u> 17200, were and are entirely moot ... This court is not in the

15  business of deciding matters that have lost their vitality as matters of "actual controversy." *Id.*

16  (emphasis added).  Although the Court found it was not error for trial court to *speculate* "as

17  preliminary matter, whether the particular noncompetition clause used by [the employer] would

18  be enforceable *if* required of employees *in California,*"  "we will vacate those portions of the

19  judgment relating to [plaintiff's individual claims for declaratory relief." *Id.* (emphasis added).

20        Like the employee in *Application Group,* Morcote's claims have are no longer 'matters of

21  actual controversy.'  Morcote's PIA prohibited him from soliciting Oracle customers, on whose

22  account he worked during the last year of his employment, and encouraging other employees to

23  accept outside offers of employment for **6 months** following the termination of his employment.

24  (FAC, Exh. B, ¶¶ 5, 8.)  Morcote resigned from Oracle on **May 6, 2004**.  (FAC ¶ 20.)  Therefore,

25  any restrictions under his PIA expired on **November 6, 2004.**  Morcote did not file his Complaint

26  until January 26, 2005 and his FAC was filed on April 21, 2005.  Thus, by the time Morcote filed

27  his Complaint, the terms of the PIA had expired and there was no possibility that Morcote could

28  suffer <u>any</u> damage as a result of the contract's provisions.  Pursuant to longstanding federal

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7249646.4

10

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

precedent the court has no authority to adjudicate claims related to Morcote's PIA.  Thus,

Morcote's seventh claim for relief for declaratory relief, and his related first claim for relief for

violation of § 17200 should be dismissed.

**D.      Morcote's Seventh Claim for Declaratory Relief Fails to State a Claim Because, Under Florida Law, the PIA is a Valid and Enforceable Contract.**

In addition to being moot, Morcote's seventh claim should be dismissed because applying

appropriate state law – that of Florida – Morcote fails to state a claim.

**1.      This Court Should Apply Florida Law.**

The first portion of Morcote's declaratory relief action asks the Court to determine

whether "the parties' Agreement is governed by California law."  (FAC ¶ 65(a).)  If the Court

determines that Morcote's claims are not moot and can go forward, the Court should determine

that the PIA is governed by Florida law.

California's "choice of law" doctrine is thoroughly summarized in *S.A. Empresa Di

Viacao Aerea Rio Grandense v. Boeing Company*, 641 F.2d 746, 749 (9th Cir. 1981) (deciding to

apply California law in a case between a California plaintiff and a Washington defendant);

a*ccord, Nedlloyd Lines B.V. v. Superior Court,* 3 Cal.4th 459, 464-466 (1992).  The Court held

"[i]n diversity cases, federal courts must apply the conflict-of-law principles of the forum state."

*Id.* at 749.

The Court held

> California does not apply a mechanical test to choice-of-law
> questions.  Rather, it employs the "governmental interest analysis."
> Under this approach, California law will be applied unless the
> foreign law conflicts with California law and California and the
> foreign jurisdiction have significant interests in having their law
> applied.  Where significant interests conflict, the court must assess
> the "comparative impairment" of each state's policies.   The law
> applied will be that of the state whose policies would suffer the
> most were a different state's law applied.  A separate choice-of-law
> inquiry must be made with respect to each issue in a case.

*Id.* (citations omitted)

Covenants not to compete are generally unenforceable in California.  *KGB, Inc. v.

Giannoulas,* 104 Cal.App.3d 844, 848 (1980). Section 16600 invalidates employment contracts

which prohibit an employee from working for a competitor, unless necessary to protect the

1-SF/7249646.4                                                    11

1   employer's trade secrets.  *See Loral Corp. v. Moyes,* 174 Cal.App.3d 268, 276 (1985).  Florida,

2   by contrast, generally allows noncompete agreements as long as they are "reasonable in time, area

3   and line of business."  F.S.A. § 542.335(1).  To be enforceable in Florida, covenants must be

4   supported by a "legitimate business interest."  *Id.*   Florida courts presume "reasonable in time

5   any restraint 6 months or less in duration" and presume unreasonable any restraint greater than

6   two years.  *Id.*  Further, if any provision of a covenant is found to be unenforceable, Florida

7   courts may and should modify the contract, rather than denying the parties relief.  *Open Magnetic*

8   *Imaging, Inc. v. Nieves-Garcia,* 826 So.2d415, 418 (Fla. 3d Dist. Ct. App. 2002). Both California

9   and Florida have strong public policies favoring the application of their own noncompete laws.

10  *See Application Group, supra,* 61 Cal.4th at 900; *Auto Club Affiliates, Inc. v. Donahey,* 281 So.2d

11  239, 243 (Fla. 2d Dist. Ct. App. 1973) (refusing to apply Indiana noncompetition law because it

12  was "detrimental to the public welfare and obnoxious to public policy").

13      *Application Group, supra,* applied *S.A. Empresa* to address choice-of-law issues in the

14  context of noncompetition agreements.  61 Cal.App.4th at 896.   In *Application Group*,  a

15  Maryland resident was recruited by the plaintiff to work for its company in California.  The

16  employee had a noncompete agreement with her former employer that prohibited her from

17  accepting employment with a competitor for one year after her termination.  The noncompete

18  agreement was valid in Maryland but, as the parties conceded, invalid under California Business

19  and Professions Code § 16600. In light of the conflict between the two state laws, the Court

20  examined the states' "comparative impairment" if the other state's laws were enforced.  *Id.* at

21  900.  Ultimately, the Court found that the interests of California were greater that the interests of

22  Maryland.  The Court held that "California has a strong interest in protecting the freedom of

23  movement of persons whom *California-based employers* … wish to employ to provide services

24  *in California*, regardless of the person's state of residence …."  *Id.* at 900-901 (emphasis added).

25  To the extent any employer "requires a covenant not to compete in the employment agreements of

26  employees who are not California residents, but who seek employment in California … the

27  noncompetition agreement is an "unenforceable contract to restrain trade."  *Id.*  at 907.  The Court

28  held that because the dispute was related to a California employer's business operations *in*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4                                                           12

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

*California,* the factors weighed heavily in favor of applying California law.

Because in this case both California and Florida have significant interests, the Court must assess the comparative impairment of each state's interest and determine which state's policies would suffer the most.  Here, Florida would suffer the greater impairment in not having the contract enforced.  <u>Morcote is a Florida resident, working in Florida.  His contract was entered into and intended to be carried out in Florida.</u>  Neither *Application Group*, nor subsequent cases hold that California courts can invalidate contracts entered into *in another state* for the benefit of employees working *in that state*.  To do so would invalidate the principals of comity lauded by the California Supreme Court in *Advanced Bionics Corp. v. Medtronic, Inc.* 29 Cal.4th 697, 707 (2002) (holding "the laws of a state have no force … beyond its territorial limits, but the laws of one state are frequently permitted by courtesy of another to operate in the latter for the promotion of justice…").  It is not the function of California courts to determine if Florida's noncompete laws, as applied to Florida citizens, are reasonable.  If this Court were to apply California law, Florida would suffer in not having its contracts recognized and enforced in regards to its own citizens.   Applying Florida law has the benefit of not only affirming those rights but allowing Oracle, a California businesses, to protect its trade secrets and rely on the enforceability of its contracts entered into other jurisdictions.

### 2.      Applying Florida Law, the PIA is valid.

Paragraphs 65(b) and (c) of the FAC request declaratory relief as to whether or not the PIA is enforceable or constitutes illegal "trade secrets and terms." The PIA restrains Morcote for six months after he leaves his employment from either encouraging Oracle employees to leave or from providing competing services to any Oracle client Morcote worked with within the last year of his employment.  Because it stays in effect for only six months, this agreement is presumptively reasonable as to time.  *See* F.S.A. § 542.335(1).  Further the purpose of the contract is to protect Oracle's legitimate business interest in protecting its trade secrets and the agreement is limited only to employees' dealings with other employees and Oracle customers.  Under Florida law, therefore, the agreement is valid.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4                                             13

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

**E.**    **Morcote First Claim for Relief Under § 17200 Fails to State a Claim.**

1.    **Morcote's § 17200 Claim Fails because the § 16600 Claim, on Which it is Based, Fails.**

Morcote's first claim for relief alleges that Defendants committed "unlawful, unfair or fraudulent business actions … by trying to enforce provisions of the [PIA] in violation of California Business and Professions Code § 16600."  (FAC ¶ 31.)   Business and Professions Code § 17200 claims cannot proceed if the underlying claim upon which they are predicated fails or is dismissed.  *Krantz v. BT Visual Images*, 89 Cal.App.4th 164, 178 (2001) (holding UCL claim that is dependent on other claims, such as breach of the covenant of good faith and fair dealing, is dismissed where summary judgment is entered as to the other claims); *Van Ness v. Blue Cross*, 87 Cal.App.4th 364, 376-377 (2001); *Khoury v. Maly's of Calif., Inc.*, 14 Cal.App.4th 612, 619 (1993)(dismissal of other claims results in dismissal of dependent UCL claim).  Thus, where are here, a plaintiff's § 16600 claim fails, his § 17200 claim **must necessarily fail.**

2.    **Morcote Has Not Suffered an "Injury in Fact."**

Additionally, Morcote's claims cannot proceed because Morcote has not suffered a cognizable injury.  Section 17200, as amended, allows a private citizen who has "suffered injury in fact <u>and</u> has lost money or property as a result of … unfair competition" to bring a claim under California's unfair competition law.  Cal. Bus. & Prof. Code § 17204.  These requirements mirror the standing requirements of Article III of the United States Constitution.

It is apparent from the allegations in Morcote's FAC that Morcote has not suffered an actual injury.  Morcote alleges that Defendant acted illegally by "*trying* to enforce covenants not to compete…."  (FAC ¶ 31.)  These alleged efforts by Defendant consist of one letter by Schurman to Morcote "reminding" Morcote "of his continuing obligations to Oracle which are set forth in the Proprietary Information Agreement you signed as a condition of joining the company."  (FAC ¶ 24, Exh. B).  Other than a conclusory allegation that Defendants' conduct "threatens an incipient violation of …section 16660"  Morcote does not allege, nor can he show, that he suffered actual "injury in fact" *and* "lost money or property" as a result of Defendants' actions.  Morcote alleges no more than *speculative future* harm as a result of Defendants'

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4                                    14

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)

conduct. (FAC ¶¶ 27-29.) Such future harm is a moot by virtue of the expiration of the PIA. Because Morcote has not suffered any past harm and the PIA by its own definition cannot cause him harm in the future, Morcote's §17200 claims must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss and/or grant summary judgment as to Morcote's First and Seventh Claims for relief and dismiss Juana Schurman as an individual Defendant.

Dated: July 8, 2005

MORGAN, LEWIS & BOCKIUS LLP
BRENDAN DOLAN
SHANNON B. NAKABAYASHI


By *SNakabayashi*

Shannon B. Nakabayashi
Attorneys for Defendants
Oracle Corporation and Juana M.
Schurman

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7249646.4

15

DEFENDANTS' NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
(C05-00386 JCS)